## THE SLATER BANK *a*. STURDY.

*Supreme Court, First District; General Term, November, 1862.*

SEVERAL BILLS OF COSTS.—SEPARATE APPEARANCES.—COLLUSION.—PRESUMPTION AS TO ATTORNEYS IN SAME OFFICE.

Where defendants sever their defences and appear by different attorneys, collusively intending to increase the costs, the court will allow but one bill on judgment for defendants.

The fact that the attorneys appearing for defendants answering separately occupy the same office, affords strong grounds for presuming that the separation is for the purpose of increasing the costs.

Appeal from an order allowing plaintiffs to discontinue on payment of one bill of costs.

This action was brought by the Slater Bank against James H. Sturdy, Jonathan P. Bryant, Solomon Frederick, and sixteen others. It was in the nature of a creditor's action, founded upon a judgment against four of the defendants for $1427.94. It set forth that such judgment-debtors being insolvent, had given three mortgages—one to defendants, Bryant, Richmond & Draper, one to defendant Albert W. Carpenter, and the other to the remaining defendants. These mortgages were averred to be fraudulent as against the plaintiff.

The defendants, Bryant, Richmond & Co., put in an answer by B. & S. D. Cozzens, attorneys; defendants, Dederick, Sears & Co., put in an answer by the same attorneys; the defendant, Frederick put in an answer similar to that of Sears & Co., by John Cochrane, attorney.

The defendants' attorneys occupied the same offices. Leave was given to the plaintiff to discontinue, on payment of one bill of costs. From the decision the present appeal was taken.

*B. & S. D. Cozzens*, for the appellants.

*William B. Carpenter*, for the respondent.—I. The last two answers put in by separate attorneys are exactly the same, the issues are the same, and the language in each identical. This fact *per se* shows that the object in severing them was only to double the costs; and that the separate appearance was not put in, in good faith. These answers must have been drawn by the same hand. (15 *How. Pr.*, 114, where 4 *Sandf.*, 671, is reviewed; 13 *How. Pr.*, 31.)

II. John Cochrane, who nominally appears for S. Frederick, has a desk in the office of B. & S. D. Cozzens, and always has had. Nothing but his name, as attorney, has ever appeared in this action. It is in effect an appearance by the same attorney. (Perry *a.* Livingston, 6 *How. Pr.*, 404. See, also, 5 *Ib.*, 104; 6 *Ib.*, 9.)

III. The two sets of defendants, who appeared by the same attorneys, viz.: Bryant, Richmond & Co., and Dederick, Sears & Co., though they put in separate answers, can have but

one bill of costs. (5 *How. Pr.*, 104.) 1. Separate answers were not necessary in this case by any defendant, and hence but one bill is taxable. (8 *Abbotts' Pr.*, 341, and cases there cited.) 2. But one judgment could have been recovered by the plaintiff, or by the defendants, should the action proceed (13 *How. Pr.*, 33), and hence but one bill is taxable.

IV. When persons severally liable are united as defendants, but appear by different attorneys, and answer separately, and after issue joined, and the cause has been noticed, settled, and agreed to pay plaintiff's legal costs, he is entitled to only one bill of costs. He cannot have a bill against each defendant. (13 *How. Pr.*, 416.) The same rule should obviously apply, where plaintiff offers to discontinue and pay legal costs. (See, also, 3 *Code R.*, 73.)

V. Separate bills of costs cannot be allowed under section 306 of the Code: 1. Because these defendants are all united in interest. 2. Because no "failure to recover a judgment against all the defendants" has been made by the plaintiff, no judgment whatever having been recovered by either party in the action. 3. The discretion allowed by this section to the court, could not, in this case, be exercised in favor of the defendants, since the ground of this application for discontinuance is the irresponsibility of the defendants, which has happened since this action was commenced.

By THE COURT.—INGRAHAM, P. J.—The appeal in this case is from that part of the order which holds that the defendants are not entitled to separate bills of costs. Whether this decision is correct or not, depends upon the finding of the court below, as to the fact of separate employments by different attorneys. The affidavits are contradictory. The plaintiffs' affidavits show a state of facts which, if true, would establish the employment of Frederick's attorney to be collusive, and intended only to increase the costs. In such a case the parties are only entitled to one bill of costs. On the other hand, the defendants deny the statements made on the part of the plaintiff, and claim to be entitled to full costs for both attorneys.

With these contradictory statements, we cannot interfere with the order appealed from. There is strong ground for presuming that the separation of defences between attorneys occupying the

same office, is generally done for the purpose of increasing the costs, and such practices are not encouraged by the courts.

Whether that was so or not, has been passed upon by the judge on the motion, and we do not see in the affidavits any thing to warrant us in reversing his decision.

Order appealed from, affirmed, without costs.

LEONARD and BARNARD, JJ., concurred.

---

THE CUMBERLAND COAL AND IRON COMPANY *a.* THE HOFFMAN STEAM COAL COMPANY.

*Supreme Court, First District; General Term, November,* 1862.

JURISDICTION.—INJUNCTION.—SERVICE.—COSTS.—DAMAGES.

Want of jurisdiction in the court over the subject-matter of the action does not deprive the defendant of the right to damages on the undertaking given on the issuing of an injunction in the action.[*]
A defendant who obeys an injunction, though never served therewith, is entitled after judgment in his favor to claim the damages provided for in the undertaking given to procure such injunction.

Appeal from an order of reference.

This action was brought by the Cumberland Coal and Iron Company against Allen M. Sherman, William B. Dean, and the Hoffman Steam Coal Company for the purpose of setting aside a certain conveyance of lands of the plaintiff, situated in Maryland, and a certain transportation-contract made by the plaintiff, to and with the defendants Sherman and Dean, while Sherman was one of the directors of the plaintiff, which conveyance and contract were alleged in the complaint to have been procured by fraud. The Hoffman Steam Coal Company was a corporation created by statute of Maryland, and was made a party by reason of a conveyance and transfer of the said lands and the transportation-contract to it by Sherman and Dean.

---

[*] S. P., King *a.* Poole, 36 *Barb.*, 242.